A copy of a mortgage certified by the officer in whose office it is filed, does not prove the existence and execution of the original mortgage. (*Bissell* v. *Pearce*, 28 N. Y., 252.)

The original must be produced, and when produced, the time of filing, if it was filed, will be proved. If a copy only was filed, a duly certified copy of the copy, with the time of filing noted thereon, will prove the filing of such copy.

"The defendant's counsel did not object that the original was not produced. He must be held, therefore, to have accepted the certified copy in lieu thereof, and the time of filing the copy was, therefore, proved. He cannot, on the argument of the appeal, insist upon any objection not taken at the trial, unless it be one that could not have been obviated had it been raised. The objection that the certificate does not, in terms, set forth that the original mortgage was filed, and that the paper produced is not proof of the execution and filing of the mortgage, might have been obviated had they been raised."

*H. C. Kingsbury*, for the appellant. *Morris & Russel*, for the respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.

---

PETER BURNS, RESPONDENT, *v.* EDWARD J. O'NEIL, APPELLANT.

*County Court — allegation as to defendant's residence, where an action is brought in — what sufficient — Allegations in pleadings — relate to time of beginning suit.*

APPEAL from a judgment of the Monroe County Court in favor of the plaintiff, and also from an order of said court denying a motion for a new trial on a case containing exceptions.

This was an action for assault and battery. The action was commenced by the service of a summons to answer the complaint, a copy of which was stated in the summons to be annexed thereto. The complaint averred that "the plaintiff and defendant are residents of the county of Monroe."

The court at General Term said: "At the close of the plaintiff's testimony, the defendant's counsel moved for a nonsuit on two grounds, only one of which need be noticed, to wit, that the court had not jurisdiction of the action. The reason assigned was, that the complaint does not allege that the defendant was a resident of the county of Monroe, at the time of the commencement of the action. The statute gives County Courts jurisdiction in civil actions for the recovery of money, not exceeding $1,000, or of personal property not exceeding that sum in value, in which all the defendants are residents of the county in which the action is brought, at the time of its commencement. (Laws 1870, ch. 467, p. 1041, § 1.) The allegation in the complaint, as to the residence of the defendant, is sufficient. The complaint having been served with the summons when the suit was commenced, the averment in it that the plaintiff and defendant 'are' residents, etc., has reference to the time of the commencement of the suit. In *Frees* v. *Ford* (2 Seld., 176), cited by the appellant's counsel, the declaration contained no allegation, whatever, as to the defendant's residence."

*Wm. J. Sheridan*, for the appellant. *Townsend & Sullivan*, for the respondent.

Opinion by SMITH, J.; MULLIN, P. J., and TALCOTT, J., concurred.

Judgment and order affirmed.

---

BENJAMIN A. MERRILL, APPELLANT, *v.* ENSIGN L. CALKINS AND ANOTHER, RESPONDENTS.

*Easement — right to use water from spring on another's land.*

APPEAL from a judgment in favor of the defendants, entered on the report of a referee.

The action was brought to recover damages for tearing down and removing part of a dam erected by the plaintiff, and for an injunction.

The plaintiff owns a village lot on the east side of Furnace street, in Wolcott, nearly opposite a spring of water on premises situated on the west side of the street, belonging to the wife of the defendant